**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 02 CR 398 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| RANDY VELLEFF ) | |

## ORDER

Defendant Randy Velleff's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 (dkt.199) is denied. See Statement.

## STATEMENT

On July 10, 2003, Randy Velleff was found guilty of multiple robbery, narcotic, and weapon offenses after a jury trial. On April 13, 2004, the court imposed a sentence of 430 months' imprisonment, including a mandatory consecutive 60 months for the weapons offense (18 U.S.C. § 924(c)). (*See* dkt. 105 at 2.) In calculating Velleff's Sentencing Guidelines range, the court found that Velleff's offense level was 37 because of his status as a career offender under USSG § 4B1.1. As a career offender, Velleff's criminal history category was VI. A combined offense level of 37 and a criminal history category of VI yielded a Guidelines range of 360 months-to-life imprisonment. After the Supreme Court declared the Sentencing Guidelines advisory only, *see United States* v. *Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the Seventh Circuit vacated this court's judgment and remanded for reconsideration of the sentence. On September 26, 2007, this court reduced Velleff's sentence to 300 months including the mandatory consecutive 60 months for the weapons offense. Now, Velleff seeks a further reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. (*See* dkt. 199.)

Under 18 U.S.C. § 3582(c)(2), a reduction in sentence is permitted only when the sentence was based on a sentencing range subsequently lowered and such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *Dillon* v. *United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 2691, 177 L. Ed. 2d 271 (2010). A reduction in a defendant's term of imprisonment is not authorized and not consistent with the policy statement under USSG § 1B1.10 if the applicable amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." USSG. § 1B1.10, cmt. n.1(A). Here, Velleff is not eligible for a reduction, as his adjusted offense level at both sentencing proceedings was determined by his status as a career offender, not the drug quantity tables found in USSG §§ 2D1.1 and 2D1.11. *See United States* v. *Griffin*, 652 F.3d 793 (7th Cir. 2011). Accordingly, § 3582(c)(1) and Amendment 782 do not have the effect of lowering Velleff's Guidelines range and his motion must be denied.

Dated: July 15, 2016

_____
U.S. District Judge Joan H. Lefkow